UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI


IN RE: OXFORD EXPOSITIONS, LLC                       CASE NO. 10-16218-DWH

OXFORD EXPOSITIONS, LLC,
EDWIN E. MEEK, and
JENNIFER ROBINSON                                                PLAINTIFFS

VERSUS                                              ADV. PROC. NO. 11-1095-DWH

QUESTEX MEDIA GROUP, LLC,
QMC WINDDOWN, INC.,
OPI WINDDOWN, INC., and
OCI WINDDOWN, INC.                                             DEFENDANTS


QUESTEX MEDIA GROUP, LLC                              COUNTERCLAIMANT

VERSUS

EDWIN E. MEEK,
JENNIFER ROBINSON, and
OXFORD EXPOSITIONS, LLC                           COUNTERDEFENDANTS

OPINION


On consideration before the court is a motion to dismiss counterclaim filed by the

counterdefendants, Edwin E. Meek (Meek), Jennifer Robinson (Robinson), and Oxford

Expositions, LLC, (Oxford Expos); a response to said motion having been filed by the

counterclaimant, Questex Media Group, LLC, (Questex); and the court, having heard and

considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

Insofar as the debtor Oxford Expos is concerned, the complaint seeks injunctive and declaratory relief against Questex to permit the debtor to operate as a going concern. The Questex counterclaim seeks injunctive and declaratory relief against the debtor, including a claim for damages for its alleged intentional interference with Questex's prospective business relations. Other substantive counts in the counterclaim, discussed in detail hereinbelow, are filed only against the counterdefendants Meek and Robinson, who have not filed individual bankruptcy cases, but who are integral to the ongoing operations of the debtor. As such, as to the debtor, Oxford Expos, this cause of action is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

Most of the pertinent factual matters that are relevant to this cause of action were discussed by the court in an opinion dated March 25, 2011. That opinion is incorporated herein by reference.

III.

Questex's counterclaim contains the following counts:

Count 1 - Breach of Contract;

Count 2 - Intentional Interference with Prospective Business Relations;

Count 3 - Defamation;

Count 4 - Civil Conspiracy;

2

Count 5 - Declaratory Judgment Relief;

Count 6 - Injunctive Relief.

For purposes of practicality, the court considers Counts 1 through 4 as substantive counts in the counterclaim and Counts 5 and 6 as remedial counts. In this opinion, the court will focus only on Counts 1 through 4 which the court considers as the targets of the counterdefendants' motion to dismiss.

Although it was not mentioned in either the counterdefendants' motion or memoranda, the court will treat the motion to dismiss as one filed pursuant to Rule 12(b)(6), Fed. Rules of Civ. Proc. As such, the court must construe the counterclaim liberally in favor of the counterclaimant as the non-moving party and assume the truth of all pleaded facts. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195 (5th Cir. 2002); and *In Re Harris*, 297 B.R. 61, 64 (Bankr. N.D. Miss. 2003).

As the primary basis of their motion, the counterdefendants assert that the Questex counterclaim fails to state a claim as a matter of law because it does not pass the tests established by the United States Supreme Court in the cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Succinctly stated, those tests provide: (1) that a claim for relief may not rest on mere conclusions, but must assert specific facts; and (2) that a claim for relief must be "plausible."

In establishing this new pleading standard, the Supreme Court expressly "retired the no-set-of-facts test" set forth in *Conley v. Gibson,*355 U.S. 41, 45-46 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

3

Because the *Conley* test was abrogated, the Fifth Circuit's former reliance on it is now

inapplicable. *See, e.g., Kane Enters. v. MacGregor USA Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

The "plausibility" test is met only where "the plaintiff pleads *factual* content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Darby v. Southern Care, Inc.*, 2010 WL 4168671, at *1 (N.D. Miss. Oct. 19, 2010)

(emphasis added). In other words, "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, allegations

that show only a "sheer possibility" of wrongful conduct are insufficient. *Iqbal*, 129 S. Ct. at

1949-50.

The aforementioned "two-pronged approach" to assess whether a complaint meets the

plausibility standard applies in bankruptcy adversary proceedings because Rule 12(b)(6) is

expressly adopted by Bankruptcy Rule 7012(b). *See In re S & A Rest. Corp.*, 2010 Bankr. LEXIS

3223, at *1, *9 (Bankr. E.D. Tex. Sept. 10, 2010) (citing *Iqbal* and granting a motion to dismiss

an adversary proceeding); *See also In re Ortiz*,441 B.R. 73, 81 (Bankr. W.D. Tex. Aug. 27,

2010). First, the Court should identify allegations that "are no more than conclusions, [and thus]

are not entitled to the assumption of truth," and disregard them. *Iqbal*, 129 S.Ct. at 1950; *see also*

*Ivy v. U.S. Dept. of Agriculture (FSA)*, 2010 WL 2559885, at *4 (N.D. Miss. June 23, 2010)

("[C]onclusory allegations or legal conclusions dressed as factual conclusions will not

circumvent a motion to dismiss."). Second, considering those factual allegations that actually

*are* well-pled, the Court should determine whether such allegations "plausibly suggest an

entitlement to relief." *See Iqbal*, 129 S. Ct. at 1951. The following comment from *Iqbal* is

informative:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by **mere conclusory statements, do not suffice.** (Although for the purpose of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, **only a complaint that states a plausible claim for relief survives a motion to dismiss.** Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

129 S. Ct. at 1949-50 (citations omitted) (emphasis added).

IV.

The essential factual allegations underpinning Counts 1 through 4 of Questex's

counterclaim are set forth in paragraphs 18 through 64 in the pleading. As to Count 1 (breach of

contract) and Count 2 (intentional interference with prospective business relations), the court is

of the opinion, construing the allegations liberally and assuming the truth of all pleaded facts,

that the counterclaim states causes of action as to Counts 1 and 2 upon which relief can be

granted. While there are many conclusory allegations, these are supported by other specific

factual recitals. As such, the motion to dismiss is not well taken as to these two counts.

However, as to Count 3 (defamation) and Count 4 (civil conspiracy), the court is of the

opinion that Questex has failed to allege specific facts that support the overarching conclusory

allegations relative to these counts. Therefore, the motion to dismiss is well taken as to Counts 3

and 4. These counts will be dismissed without prejudice, and Questex will be afforded an

opportunity to amend its counterclaim, if it elects to do so, within a period of 30 days from the

entry of this opinion.

In order to pass the *Twombly* and *Iqbal* tests, the counterclaim must assert specific factual

events or incidences that support the perceived causes of action for defamation and civil

conspiracy. For example, in order to assert a plausible claim for civil conspiracy, a party must

plead specific facts that underpin the elements of the claim which are set forth in *Gallagher*

*Bassett Servs, Inc. v. Jeffcoat*, 887 So.2d 777, 786 (Miss. 2004), to-wit:

> Under Mississippi law, "[a] conspiracy is a combination of persons for the purpose
> of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Levens v.*
> *Campbell*, 733 So.2d 753, 761 (Miss. 1999). Where a civil conspiracy gives rise to
> damages, a right of recovery may arise. *Roussel v. Hutton*, 638 So.2d 1305, 1315
> (Miss. 1994). It is elementary that a conspiracy requires an agreement between the
> co-conspirators. *See Brown v. State*, 796 So.2d 223, 226-27 (Miss. 2001) (conspiracy
> is "a combination of two or more persons to accomplish an unlawful purpose or to
> accomplish a lawful purpose unlawfully, the persons agreeing in order to form the
> conspiracy," and the "persons must agree ... in order for a conspiracy to exist").

*See also Croft v. Grand Casino Tunica, Inc.*, 910 So.2d 66, 77 (Miss.Ct.App 2005), and

*Braddock Law Firm, PLLC v. Becnel*, 949 So.2d 38, 44 (Miss.Ct.App 2006).

If no amended counterclaim is timely filed, this matter will proceed forward on Counts 1

and 2, as well as, the remedial counts for declaratory judgment relief and injunctive relief.

A separate procedural order, consistent with this opinion, which is not final since it is

without prejudice to Questex, will be entered contemporaneously herewith.

This the 9th day of August, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE